UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIAN TORRES | : |
| v. | : NO.: |
| FAMILY DOLLAR STORES OF NEW JERSEY, LLC | : **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This matter has federal jurisdiction pursuant to 42 U.S.C. 1981 (hereinafter "Section 1981")

PARTIES

2. Plaintiff, Christian Torres, is a Black gay man and resides at 6825 Old Egg Harbor Road, Apartment 50-A, Egg Harbor Township, NJ 08234.

3. Defendant, Family Dollar Stores of New Jersey, LLC, is a corporation with a place of business located at 700 Black Horse Pike, Pleasantville, NJ 08232. Defendant employs more than 15 people in New Jersey.

FACTS

4. Plaintiff was first hired by the defendant on or about June 15, 2016 as a cashier at defendant's Store #2463, Pleasantville, NJ store.

5. On or about August 27, 2016, Joe Raymond, (White Straight male Manager) Manager, who was normally based out of the defendant's Brigantine store, came into Store #2463 as a substitute manager.

6. On or about August 27, 2016, Mr. Raymond had ordered plaintiff to do what is referred to as "recovery" while at the same time working the register.

7. While in the process of performing these tasks, an elderly customer had requested his assistance, and plaintiff momentarily went off task to assist her.

8. Mr. Raymond became upset that plaintiff momentarily went off task to assist the elderly customer, and he yelled at the plaintiff, calling him a "faggot" and "nigga" while demeaning him.

9. Plaintiff responded to Mr. Raymond's offensive remarks by saying: "if you are going to talk to me that way, don't talk to me at all."

10. On or about August 28, 2016, plaintiff contacted the District Manager, Maria (White Straight female) and complained to her about the racially and sexually offensive language used by Mr. Raymond, which was used to attack him based upon his sexual orientation and race.

11. To plaintiff's surprise, Maria said: "I don't want to deal with this bullshit-- do what the manager says no matter how they say it."

12. On or about September 2, 2016, plaintiff saw the upcoming work schedule and noticed his work hours were severely reduced.

13. Plaintiff, who had previously enjoyed regular weekly work hours of 30-38 hours per week prior to August 27, 2016, discovered that his hours were suddenly reduced to only 6 hours for the upcoming workweek commencing on or about September 4, 2016.

14. Because of Maria's shocking reaction to plaintiff's complaint, on Monday, August 29, 2016, plaintiff complained to defendant's Human Resources representative about what Mr. Raymond's use of gay and racial slurs, Maria's unacceptable reaction to his complaints.

15. Plaintiff's work hours were intentionally reduced in retaliation for his complaints to Mr. Raymond and Maria.

16. Plaintiff again complained to Human Resources that he was being harassed by Mr. Raymond and Maria because they wanted him to quit his job with defendant.

17. The Human Resources representatives said they would investigate and call him back.

18. Plaintiff heard nothing back from HR, and ended up being scheduled for only 4 hours for the week beginning on or about September 11, 2016.

19. Thus, defendant continued to retaliate against plaintiff by reducing his work hours to virtually nothing and defendant's HR department took no action to reverse this retaliation.

20. On or about September 11, 2016, plaintiff, frustrated by the severe and pervasive harassment and retaliation that he had experienced, called his new Manager, Rick (White Straight), and explained to him that his hours had been cut after he complained about discrimination and that he could not waste his time coming in to work only 4 hours.

21. Rick apologized to plaintiff and said he was unaware of what had occurred.

22. Plaintiff was never rescheduled after September 11, 2016 and thus plaintiff was effectively terminated as of September 11, 2016.

23. The conduct of defendant, by and through its agents, created a serious and pervasive hostile work environment based upon plaintiff's race and sexual preference and because he opposed such discrimination who retaliated against him by reducing his work hours to virtually nothing.

24. The proffered reason for plaintiff's termination was pretext to mask the true reason for his termination. The true reason for plaintiff's termination was because he is Black, gay and because he complained about discrimination to defendant and its agents.

25. Defendant and its agents acted at all times material hereto

with their authority to hire, fire and discipline.

26. Defendant and its agents undertook a course of conduct toward plaintiff and terminated him and/or constructively discharged him because of his race, sexual preference and because he complained about discrimination.

27. Defendant's agents acted against plaintiff in a bigoted, willful and malicious manner.

28. Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a consequence of his termination and/or constructive discharge from employment.

29. Defendant unlawfully discriminated against plaintiff and terminated his employment in violation of The New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-3 and Section 1981 and Section 1981.

30. Plaintiff thus seeks damages, including but not limited to, lost pay, lost benefits, compensatory damages for pain and suffering, punitive damages, attorneys fees and costs.

## COUNT 1-NJLAD

31. Paragraphs 1-30 are incorporated herein by reference as if set forth at length.

32. The NJLAD prohibits employers from discriminating against employees on the basis of race or color.

33. Defendant violated the NJLAD by terminating and/or

constructively discharging the plaintiff because of his race and color.

34. By and through its conduct, Defendant violated the NJLAD by intentionally discriminating against plaintiff and by terminating and/or constructively discharging him because of his race and color.

### COUNT 2-NJLAD

35. Paragraphs 1-34 are incorporated herein by reference as if set forth at length.

36. The NJLAD prohibits employers from discriminating against employees on the basis of sexual orientation.

37. Defendant violated the NJLAD by terminating and/or constructively discharging the plaintiff because of his sexual orientation.

38. By and through its conduct, Defendant violated the NJLAD by intentionally discriminating against plaintiff and by terminating and/or constructively discharging him because of his sexual orientation.

### COUNT 3-NJLAD

39. Paragraphs 1-38 are incorporated herein by reference as if set forth at length.

40. The NJLAD prohibits employers from discriminating against employees on the basis of race or color.

41. Defendant violated the NJLAD by terminating and/or constructively discharging the plaintiff in reprisal because he opposed the discriminatory practices or acts forbidden by the NJLAD. See Section 10:5-12 of the NJLAD.

42. By and through its conduct, Defendant violated the NJLAD by intentionally discriminating against plaintiff and by terminating and/or constructively discharging him because he complained to management about racial and sexual orientation discrimination.

COUNT 4-Section 1981

43. Paragraphs 1-42 are incorporated herein by reference as if set forth at length.

44. By and through its conduct, Defendant violated Section 1981 by intentionally discriminating against plaintiff because he is Black.

45. By and through its conduct, Defendant violated Section 1981 by intentionally discriminating against plaintiff and by terminating him in substantial part because of his race.

COUNT 5-Section 1981

46. Paragraphs 1-45 are incorporated herein by reference as if set forth at length.

47. By and through its conduct, Defendant violated Section 1981 by intentionally retaliating against plaintiff in substantial part

because he complained of racial discrimination.

48. By and through its conduct, Defendant violated Section 1981 by retaliating against plaintiff in substantial part because he complained of racial discrimination.

WHEREFORE, Plaintiff demands judgment against defendant on Counts 1 through 5 along with damages in an amount to be determined by a jury for lost pay and benefits, pain and suffering, emotional distress, mental anguish, harm to reputation, punitive damages, costs, reasonable attorney's fees, and such other relief as the Court deems just and fair.

/s/ Samuel A. Dion

Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street, Suite 1199
Philadelphia, Pa 19103
215-546-6033
Fax: 215-546-6269
samueldion@aol.com
Attorney for Plaintiff